UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00372-FDW
(3:07-cr-00097-RJC-1)

| | |
|---|---|
| THOMAS DONNELL SIFFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon the United States' "Consent Motion to Dismiss" Petitioner Thomas Donnell Sifford's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 or a Writ of Error Coram Nobis. (Doc. No. 7.) Sifford is represented by Federal Defenders of Western North Carolina, Inc. According to the Motion, Sifford consents to this dismissal. (Mot. to Dismiss 1, 5 n.1, Doc. No. 7.)

I.  BACKGROUND

In 2007, a grand jury indicted Sifford, charging him with possession with intent to distribute cocaine and at least five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count One), and possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Two). Crim. Doc. No. 1. The United States filed an information pursuant to 21 U.S.C. § 851, noticing Sifford's two prior North Carolina state convictions—one for possession with intent to sell/deliver cocaine and one for possession with intent to sell/deliver marijuana. Crim. Doc. No. 12. Sifford pleaded guilty to both counts, and this Court sentenced him to 132 months of imprisonment and eight years of supervised release on Count One and 120

1

months of imprisonment and two years of supervised release on Count Two, with the sentences to run concurrently. Crim. Doc. Nos. 25 & 30. Sifford appealed, and the Fourth Circuit affirmed. United States v. Sifford, 330 F. App'x 46 (4th Cir.), cert. denied, 129 S. Ct. 2885 (2009).

Sifford filed his first motion to vacate under § 2255 on November 5, 2010. Sifford v. United States, 3:10-cv-00596-RJC (W.D.N.C.), Doc. No. 1. In March 2011, the Court dismissed the motion as untimely. Id. at Doc. No. 4.

In January 2012, Sifford filed a second motion to vacate, arguing that under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the § 851 enhancement was invalid and that he should be resentenced. United States v. Sifford, No. 3:12-cv-00019-RJC (W.D.N.C.), Doc. No. 1. The Court dismissed the motion as an unauthorized successive motion to vacate. Id. at Doc. No. 3.

In September 2013, Sifford filed a § 2241 petition attacking his § 841 and § 922(g) sentences under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Sifford v. United States, No. 3:13-cv-00541-FDW (W.D.N.C. Sept. 26, 2013), Doc. No. 1. The Court held that because Sifford was challenging only the validity of his § 841 sentence, rather than his underlying conviction, he was not entitled to relief under § 2241. Id., Doc. No. 7 at 4–5. The Court also denied coram nobis relief because Sifford was still in custody and audita querela relief because there was no gap in postconviction remedies. Id. at 5–6. However, the Court held that Sifford was entitled to relief from his § 922(g) conviction because, under Simmons, the conduct for which he was convicted was no longer deemed criminal. Id. at 6. Accordingly, the Court vacated Sifford's § 922(g) conviction and sentence. Id.

Sifford moved for reconsideration, arguing that the vacatur of his § 922(g) conviction and sentence resulted in a corrected judgment that was part of his criminal case and allowed the

2

Court to address the erroneous sentence on the other count. Id. at Doc. No. 10. The Court dismissed the motion as an unauthorized successive application. Id. at Doc. No. 11.

Three months later, in December 2013, Sifford filed a third § 2255 motion again attacking his drug sentence under Simmons. Sifford v. United States, 3:14-cv-00001-RJC (W.D.N.C. 2013), Doc. No. 1. This Court dismissed the motion as an unauthorized successive motion, id. at Doc. No. 3, and the Fourth Circuit denied a certificate of appealability and dismissed his appeal, id. at Doc. No. 7.

A year later, the Court reduced Sifford's sentence to 120 months of imprisonment based on the retroactive amendment of the Sentencing Guidelines relating to cocaine base. Crim. Doc. No. 67. The day after this reduction, Sifford filed a fourth § 2255 motion, again arguing that his § 851 enhancement was invalid under Simmons, that the vacatur of his firearm conviction changed the guideline range, and that the Court should vacate his sentence. Sifford v. United States, No. 3:14-cv-00705-RJC (W.D.N.C.), Doc. No. 1. He asserted, citing United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014), that his motion was not successive. Sifford was released from prison a month later and began serving his term of supervised release. This Court denied Sifford's motion as moot. Id. at Doc. No. 7.

In February 2017, Sifford filed a motion in his criminal case for a writ of error coram nobis, seeking to vacate his §841 conviction. Crim. Doc. No. 77. He argued that his guilty plea was involuntary, that he had received ineffective assistance of counsel, and that his sentence was illegal. Id. at 4. This Court denied the motion, holding that because Sifford had had the opportunity to seek relief under § 2255, he was not entitled to relief under coram nobis. Crim. Doc. No. 78.

In July 2018, Sifford filed the instant § 2241 petition, again asserting that his sentence

3

under §841 is improper under Simmons and seeking to vacate his eight-year term of supervised release. (§ 2241 Pet. 1, Doc. No. 1.) Alternatively, he again seeks a writ of error coram nobis. Id. at 5–7.

On May 7, 2019, the parties filed a joint motion to terminate supervised release in the criminal case before the Honorable Robert J. Conrad, Jr. Crim. Doc. No. 95. The undersigned granted the Government's motion to stay the proceedings in this civil action pending disposition of that motion. (Mot. to Stay, Doc. No. 6; Gavel Order, Dkt. entry of May 8, 2019.) On May 23, 2019, the Court granted the parties' joint motion and terminated Sifford's term of supervised release. Crim. Doc. No. 96.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of claims against all respondents where the Court lacks jurisdiction over the subject matter of the lawsuit. When, as here, the respondent challenges the facts "underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

## III. DISCUSSION

Article III of the Constitution restricts the federal courts to hear only actual cases and controversies. U.S. CONST. art. III, § 2; United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted). In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. See, e.g.,

Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Julian, 751 Fed. App'x 378, 380 (4th Cir. 2018) (holding that because the petitioner had served his sentence and was no longer on supervised release, there was no longer an actual case or controversy between the parties as to the validity of the sentence).

Sifford's § 2241 Petition challenges only the term of supervised release imposed for his drug conviction. Sifford has served his sentence; his term of supervised release has been terminated, and he consents to the Motion to Dismiss. Accordingly, there is no actual case or controversy for the Court to address, nor is there any relief that this Court could provide. See Hardy, 545 F.3d at 283; Julian, 751 F. App'x at 380.

**IT IS, THEREFORE, ORDERED** that:

1. The United States' unopposed Motion to Dismiss the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 or a Writ of Error Coram Nobis (Doc. No. 7) is **GRANTED**;

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 or a Writ of Error Coram Nobis (Doc. No. 1) is **DISMISSED** as moot; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive

procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: June 11, 2019

Frank D. Whitney
Chief United States District Judge